UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

KAREN GLOVER, et al                                                                                              PLAINTIFF

v.                                                       CIVIL ACTION NO. 3:04-CV-147-S

BANK OF AMERICA CORPORATION, et al                                    DEFENDANT

## MEMORANDUM OPINION

This matter is before the court on the motion of the plaintiffs, Karen Glover, Lisa Perry, Stephanie Wagner, and Robert Yarman (collectively the "plaintiffs"), on their own behalf and as representative plaintiffs of all similarly situated persons, to amend their complaint (DN 52), and on the motion of the defendants, Bank of America Corporation, Bank of America, National Association (collectively, "BOA"), and Financial Service Solutions, LLC ("FSS"), to dismiss Count IV and Count V of the Second Amended Complaint (the "Complaint") for failure to properly plead fraud and response to the plaintiffs' second motion for leave of court to amend complaint. This court will refer to BOA and FSS collectively as the "defendants." For the reasons set forth below we will grant in part and deny in part defendants' motion to dismiss Counts IV and V of the Complaint.

## BACKGROUND

On July 14, 2004, the plaintiffs filed a motion for leave to amend the complaint. The proposed amendments alleged claims for fraudulent misrepresentation and failure to disclose a material fact. By order of the court, entered February 9, 2005, we granted in part and denied in part the plaintiffs' motion to amend. We allowed the plaintiffs to amend the complaint to include the failure to disclose a material fact counts, VI and VII. The motion was denied with respect to the fraudulent misrepresentation counts, IV and V. The plaintiffs were granted leave to refile if they

were able to conform the fraudulent misrepresentation claims to comply with Fed. R. Civ. P. 9(b).

Plaintiffs have now refiled the motion for leave of court to amend complaint, DN 52. The Complaint, which was submitted with the motion to amend includes the revised fraudulent misrepresentation claims, Counts IV and V, as well as the previously approved failure to disclose a material fact claims, Counts VI and VII. The Complaint, including Count IV and V, has been docketed (DN 53). The defendants have answered the Complaint and have now moved to dismiss Counts IV and V for failure to plead with specificity as required by Rule 9(b).

## DISCUSSION

The defendants contend that Counts IV and V of the Second Amended Complaint should be dismissed because the plaintiffs have violated the requirements of Rule 9(b) by failing to plead their fraud claims with specificity. "The Sixth Circuit interprets Fed. R. Civ. P. 9(b) as requiring plaintiffs to 'allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud.'" *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 563 (6th Cir., 2003) (citation omitted).

"The purpose of this rule is to provide fair notice to defendants to allow them to respond on an informed basis." *Anderson v. Pine S. Capital*, 177 F. Supp. 2d 591, 596 (W.D. Ky. 2001). For the following reasons, we find that Count IV of the Complaint is deficient under Rule 9(b):

- Paragraph 60 and 61 of the Complaint allege the time (July 8, 2003) and the content of the alleged misrepresentation, but fails to allege who made the representations. Although the plaintiffs have stated that BOA made the statements, this general allegation does not meet the specificity requirements under Rule 9(b).

- Paragraph 62 of the Complaint alleges who made the representation (Mark Hanson) and the content of the alleged misrepresentation, but fails to allege the time it was made.

- Paragraph 64 of the Complaint is deficient by way of generally pleading an eight (8) month time period that the plaintiffs were misinformed. This in no way meets the specificity requirements of Rule 9(b).

- 3 -

However, we find that Count V meets the requirements of Rule 9(b). Paragraphs 71 and 72 of the Complaint allege that the plaintiffs were informed that when their employment with BOA ended they would become employees of FSS. Paragraph 73 of the Complaint **specifically** puts the defendant on notice of the alleged misrepresentation. The specific misrepresentation alleged is contained in a letter from John Heck ("Heck"), Chief Operating Officer of FSS, stating that FSS was "pleased to offer" Karen Glover employment. This letter is dated September 11, 2003. A similar offer letter to Sunnie Smith, dated September 18, 2003, is also attached to the Complaint.

## **CONCLUSION**

For the reasons stated above we will deny the defendants' motion to dismiss Count IV and grant the motion to dismiss Count V. A separate order will be entered herein this date in accordance with this opinion.